**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| *IN RE EX PARTE* APPLICATION OF TYLOR GROUP LLC FOR AN ORDER UNDER 28 U.S.C. § 1782 | No. 25-cv-16183-WJM-MAH<br><br>**OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

 This matter comes before the Court on Respondent Jonathan Choon Kim's ("Respondent") Motion to Vacate the Court's Order granting Applicant Tylor Group LLC's ("Applicant" or "Tylor Group") application for discovery pursuant to 28 U.S.C. § 1782. ECF No. 13 ("Motion"). The Motion is fully briefed, and the Court decides the Motion without oral argument. Fed. R. Civ. P. 78(b). As discussed below, the Motion is **DENIED**, Applicant's request for leave to file a sur-reply is **GRANTED,** and the parties are **ORDERED** to meet and confer to narrow the scope the discovery requests.

### I. BACKGROUND

 This dispute arises out of litigation in the Republic of Korea. A decade ago, Respondent was the co-CEO of Redbadge Pacific, Inc., ("RBP"), and currently, he is Managing Partner and a member of its Board. ECF No. 16-1 ("Lee Decl."), ¶ 11; ECF No. 13-2 ("Resp. Decl."), ¶¶ 3, 10. Respondent's former co-CEO is the owner of the Tylor Group, after having previously left RBP and initiating several legal actions against it via the Tylor Group and another legal entity. Resp. Decl. ¶¶ 11, 14-19; Lee Decl. ¶ 8. In 2016, RBP allegedly issued a transfer of a million shares to the Tylor Group, which is now the subject of a dispute before the Seoul Central District Court (the "Korean Action"). ECF No. 1-4, at 2; Mot. 6-7; Lee Decl. ¶ 8; Resp. Decl. ¶ 19. The Tylor Group alleges it is the true owner of the disputed shares, yet RBP has failed to list it as on its registry of shares. ECF No. 1-4, at 6-7; Resp. Decl. ¶ 19. Respondent is not a party to the Korean Action. ECF No. 17 ("Reply"), at 1; ECF No. 18 ("Sur-Reply"), at 2.

 Ten days after filing the Korean Action, on September 29, 2025, Applicant moved under 28 U.S.C. § 1782 for an order authorizing it to take discovery from Respondent. ECF No. 1 ("Application"). The Application seeks two forms of discovery: (1) a deposition of Respondent, ECF No. 1-5 ("Deposition Subpoena"); and (2) production of various documents relating to the share transfer, ranging from November 18, 2015, to the present, ECF No. 1-6 ("Document Subpoena"), at 5-6. The Court granted the ex parte application on October 16, 2025. ECF No. 4. This Motion followed.

### II. LEGAL STANDARD

 Section 1782 grants district courts the authority to order discovery "for use in a proceeding in a foreign or international tribunal." *Intel Corp. v. Adv. Micro Devices, Inc.*,

1

542 U.S. 241, 246 (2004) (quoting 28 U.S.C. § 1782(a)). The statute has several threshold requirements: (1) the respondent resides in this district; (2) the applicant seeks either testimony or the production of a "document or other thing"; (3) the discovery "for use in proceedings before a foreign or international tribunal"; and (4) the applicant is either the foreign or international tribunal itself, or an interested party. *In re O'Keeffe*, 646 F. App'x 263, 265 n.4 (3d Cir. 2016) (quoting 28 U.S.C. § 1782). If those requirements are met, the Court must balance several discretionary factors: (1) whether the respondent is a participant in the foreign proceeding; (2) the nature of the foreign tribunal, the character of the foreign proceedings, and the receptivity of the foreign court to federal judicial assistance; (3) whether the request is an attempt to circumvent foreign proof-gathering restrictions; and (4) whether the request is unduly intrusive or burdensome. *Intel*, 542 U.S. at 264-65; *SPS Corp I, Fundo de Investimento em Direitos Creditórios Não Padronizados v. Gen. Motors Co.*, 110 F.4th 586, 592 (3d Cir. 2024).

On a motion to vacate, the Respondent bears the burden of persuasion. *Sauren Fonds-Select SICAV v. Pramerica Real Estate Investors*, No. 16-cv-00133, 2016 WL 6304438, at *2 (D.N.J. Oct. 26, 2016); *see In re Bayer AG*, 146 F.3d 188, 195 (3d Cir. 1998), *as amended* (July 23, 1998) ("[D]istrict courts should treat relevant discovery materials sought pursuant to § 1782 as discoverable unless the party opposing the application can demonstrate facts sufficient to justify the denial of the application."). The district court's analysis must not be "cursory and conclusory." *In re Biomet Orthopaedics Switzerland GmBh*, 742 F. App'x 690, 696 (3d Cir. 2018). District courts have jurisdiction under 28 U.S.C. §§ 1331 and 1782. *Id.* at 694.

## III. DISCUSSION[1]

As it must, the Court centers its discussion around the disputed *Intel* factors because the statutory requirements are uncontested. ECF No. 16 ("Opposition"), at 5.

### A. Factor 1: Jurisdictional Reach

Briefly, Respondent appears to improperly contest the first *Intel* factor, the "jurisdictional reach factor," for the first time on reply. Reply 7; *see In re Alpine Partners (BVI) L.P.*, No. 24-cv-00337, 2024 WL 4336824, at *7 (D.N.J. Sept. 27, 2024) (noting that the Court may disregard arguments initially raised on reply). As a result, Applicant sought leave to file a sur-reply brief, which the Court **GRANTS**. Applicant argues that the Respondent is not a party to the Korean Action and is outside the jurisdiction of Korean courts, which together satisfy the first factor. Sur-Reply 2; *see In re Chevron Corp.*, 633 F.3d 153, 162 (3d Cir. 2011) (holding that the first *Intel* factor favors the applicant when the respondent is not a party to the foreign action and therefore is not subject to the jurisdiction of the foreign tribunal). Respondent's contention that all possible documents within his possession would also be in the possession of RBP is conclusory and fails to

---

[1] Courts differ as to whether motions to vacate § 1782 applications are dispositive. *Republic of Turkey v. Cicek*, No. 19-cv-20107, 2020 WL 8073613, at *2 (D.N.J. June 4, 2020). Regardless, this Court elects to handle the Motion in the first instance.

rebut Applicant's showing that Respondent is outside the jurisdictional reach of Korean courts. *See* Reply 7. Therefore, the first *Intel* factor points in Applicant's favor.[2]

### B. Factor 2: Receptivity

Next, the parties contest the second *Intel* factor, the "receptivity factor," which involves "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance." *Intel*, 542 U.S. at 244; *accord In re O'Keeffe*, 646 F. App'x at 266. The movant must "present adequate evidence to support" the foreign court's hostility to § 1782 discovery. *In re Chevron Corp.*, 633 F.3d at 162. The Court may "consider any materials, typically statutes or case law from the foreign jurisdiction, that may be presented by the parties." *In re Bayer AG*, 146 F.3d 188, 195 (3d Cir. 1998), *as amended* (July 23, 1998). The Court focuses on the receptivity of the foreign country to federal judicial assistance, not admissibility. *In re O'Keeffe*, 646 F. App'x at 267.

Here, the parties present conflicting declarations as to Korean courts' receptivity to § 1782 discovery. *Contrast* ECF No. 13-3, at ¶¶ 5-15 (concluding that Korean procedure requires an application to the Korean court for discovery, noting that litigants customarily do so, and reasoning that evidence obtained outside of those procedures may be inadmissible), *and* ECF No. 17-1, at ¶¶ 16 (arguing that a deposition may not be admissible in Korea), *with* Lee Decl. ¶¶ 41-74 (concluding that Korean courts have liberal admissibility practices and rarely exclude evidence not obtained through application to the Korean courts). Without delving into Korean law, the Court concludes that Respondent's declarations do not provide sufficient proof that Korean courts would reject § 1782 discovery. *See In re O'Keeffe*, 646 F. App'x 267-68 (discouraging district courts from weighing conflicting interpretations of foreign law and recognizing that the receptivity factor can be met where granting the discovery request would facilitate litigation in the foreign tribunal). Indeed, courts across the country have found that Korean courts are receptive to § 1782 discovery. *See, e.g., Amgen, Inc. v. Celltrion USA, Inc.*, No. 24-cv-09052, 2024 WL 5182022, at *8 (D.N.J. Dec. 20, 2024), *appeal dismissed sub nom. In re Amgen Inc.*, 139 F.4th 265 (3d Cir. 2025) (crediting evidence that Korean courts are receptive to § 1782 discovery); *In re Youngpoong Corp.*, No. 25-mc-00194, 2025 WL 3228034, at *4 (S.D.N.Y. Nov. 19, 2025) ("Respondents have not provided any authoritative proof that the Seoul Central District Court would reject evidence obtained with the aid of Section 1782."); *In re NanoPyxis Co., Ltd.*, No. 17-mc-80151, 2018 WL 1156838, at *3 (N.D. Cal. Mar. 5, 2018) (same and collecting cases). Because Respondent has failed to meet his burden, the second *Intel* factor favors Applicant.

---

[2] The Court declines to consider whether Respondent's declarant, Mr. Sang Yun Park, can properly opine on Korean law. *See* Sur-Reply 2 (asserting that Mr. Park cannot provide legal advice in Korea). However, legal *advice* is different from legal *explanation*, just as law professors can teach law without offering legal advice to their students.

### C.   Factor 3: Circumvention

While "[c]losely related to the receptivity factor," *SPS Corp. I*, 110 F.4th at 593, the third *Intel* factor, the "circumvention factor," requires examination of the motives behind the discovery request: "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Intel*, 542 U.S. at 264-65. Indeed, "a litigant may not willfully circumvent foreign discovery restrictions." *Kulzer v. Esschem, Inc.*, 390 F. App'x 88, 92 (3d Cir. 2010). An adverse ruling by a foreign court, though "not necessarily fatal for § 1782 applicants," may demonstrate circumvention. *SPS Corp I*, 110 F.4th at 594.

On the one hand, Applicant has not attempted to pursue Korean discovery procedures. Mot. 9; *see In re Application for Discovery for Use in Foreign Proceeding Pursuant to 28 U.S.C. § 1782*, No. 17-cv-04269, 2019 WL 168828, at *11 (D.N.J. Jan. 10, 2019) ("[A] party's failure to invoke local discovery procedures remains significant, and may be considered."); *In re Application of Gilead Pharmasset LLC*, No. 14-mc-00243, 2015 WL 1903957, at *5 (D. Del. Apr. 14, 2015) (finding circumvention given the applicant's "lack of interest in pursuing any discovery under the [foreign] laws"). On the other hand, Applicant is not required to do so. *See Intel*, 542 U.S. at 261 (holding that § 1782 does not require foreign discoverability because "[a] foreign nation may limit discovery within its domain for reasons peculiar to its own legal practices, culture, or traditions."). On balance, the parties' competing evidence regarding Korean procedure underscores that Applicant's tactical decision to proceed first via § 1782 application does not imply circumvention absent additional evidence that Korean courts would disapprove of Applicant's choice. *See In re RH2 Participaes Societrias LTDA*, No. 23-cv-04025, 2024 WL 3598379, at *7 (D.N.J. July 31, 2024) (declining to infer bad faith where the petitioner did not first try to utilize the foreign jurisdiction's procedures). Given that other federal courts have granted § 1782 applications where the applicant did not first proceed in Korea, *see supra* subpart III(B), the Court concludes that Respondent has failed to meet his burden as to the circumvention factor.

### D.   Factor 4: Unduly Intrusive or Burdensome

Finally, the parties focus most on the fourth *Intel* factor: whether the request is "unduly intrusive or burdensome" and therefore should "be rejected or trimmed." *Intel*, 542 U.S. at 265. The Court's analysis of the fourth factor is "virtually identical" to the "overly burdensome" analysis of the Federal Rules of Civil Procedure. *In re Ex Parte Glob. Energy Horizons Corp.*, 647 F. App'x 83, 86 (3d Cir. 2016). Discovery must be "reasonably calculated to lead to the discovery of admissible evidence," balancing the "undue burden or expense" to the respondent. *Id.* (quoting Fed. R. Civ. P. 26, 45).

As to the Document Subpoena, Respondent correctly complains about its breadth. The Document Subpoena's requests "for production of 'all documents' or 'all communications' of a certain type" over a decade-long period are "not narrowly tailored requests," even if they may be "certainly relevant." *See In re Selman*, No. 23-cv-00895, 2024 WL 1092025, at *9 (D. Del. Mar. 13, 2024) (requiring the parties to reduce the scope of the document

4

requests). Indeed, Applicant concedes that "the same breadth of discovery is not available in Korean proceedings," Opp'n 12, militating against the fourth *Intel* factor.

Additionally, the Court is troubled by the potential that Respondent may use the Document Subpoena as a fishing expedition, either for the Korean Action or other pending litigations involving RBP. While the parties may move for a protective order, Fed. R. Civ. P. 26(c), the existence of other actions further supports Respondent's concern that Applicant may inappropriately use the expansive discovery it seeks here for other litigations. *See In re Watkins*, No. 24-mc-00023, 2024 WL 4264900, at *12 (S.D.N.Y. July 26, 2024), *report and recommendation adopted sub nom. Watkins v. Ellesse LLC*, No. 24-MC-23, 2024 WL 4582755 (S.D.N.Y. Oct. 25, 2024) (permitting a § 1782 application to proceed contingent on the entry of a protective order preventing discovery from being used in other litigations).

Similarly, as to the Deposition Subpoena, the Court must weigh the burden imposed on Respondent, a senior executive of RBP, and the routine nature of a deposition. *Contrast In re Alpine Partners (BVI) L.P.*, No. 24-cv-00337, 2024 WL 4336824, at *7 (D.N.J. Sept. 27, 2024) (noting that sitting for a deposition where the respondent resides does not present "any undue burden, cost, or expense"), *with LAE Techs. Hong Kong Ltd. v. Demuren*, No. 23-cv-02314, 2024 WL 863464, at *7 (D.N.J. Feb. 29, 2024) (referencing apex doctrine and denying a deposition request levied against a senior executive who was not shown to have unique personal knowledge). Here, Applicant has shown that Respondent, the co-CEO during the relevant timeframe, possesses personal knowledge, and he remains involved with RBP. While depositions are routine under the Federal Rules of Civil Procedure, Opp'n 19, Respondent's deposition may not be essential to Applicant's case in the Korean Action.

Accordingly, at this juncture, the Court declines to determine the appropriate scope of discovery from Respondent. The Court simply concludes that the fourth *Intel* factor has been met as to both subpoenas.

## IV. CONCLUSION

Because the first three *Intel* factors counsel in favor of allowing some form of § 1782 discovery from Respondent, the Court **DENIES** the Motion. However, because Respondent has satisfied his burden as to the fourth *Intel* factor, the Court **ORDERS** the parties to meet and confer and attempt to narrow the scope of the two subpoenas to encompass only information relevant to and likely to be admissible in the Korean Action. *See In re Selman*, 2024 WL 1092025, at *9 (directing the parties to meet and confer). Additionally, the Court **GRANTS** Applicant's request for leave to file a sur-reply brief. An appropriate order follows.

DATE: January 20, 2026

_____
WILLIAM J. MARTINI, U.S.D.J.

5